NO. 07-02-0291-CR


 07-02-0292-CR

 07-02-0293-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 25, 2002



______________________________




JOHN STEVEN MCLAIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 84833; 84835; 84837; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant John Steven McLain appeals from convictions in the Criminal District
Court of Jefferson County in trial court causes numbered 84833, 84835 and 84837. We
dismiss the three appeals for want of jurisdiction. 


 Appellant filed a general Notice of Appeal from his plea-bargained judgment of
conviction in Cause No. 84830 in the Criminal District Court of Jefferson County for
possession of a controlled substance. The appeal in cause No. 84830 is the subject of our
appellate cause No. 07-02-0290-CR. The appeal was dismissed for lack of jurisdiction. 
Such appeal is a companion case to the instant appeals. 

 Appellant gave Notice of Appeal in causes Nos. 84833 (delivery of a controlled
substance, judgment dated May 16, 2002), 84835 (delivery of a controlled substance,
judgment dated May 16, 2002), and 84837 (delivery of marihuana, judgment dated May
1, 2002) in the Criminal District Court of Jefferson County via the same document by which
he gave notice of appeal in our cause No. 07-02-0290-CR. Sentence was imposed in all
causes on May 13, 2002. 

 In his original Notice of Appeal appellant did not allege that (1) his appeal was
based on a jurisdictional defect, (2) the substance of the appeal was raised by written
motion ruled on before trial or (3) the trial court granted permission to appeal. See Tex.
R. App. P. 25.2(b)(3). (1) On November 12, 2002, appellant filed Amended Notices of Appeal
alleging that the trial court gave permission for the appeals. 

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
As noted in our opinion in appellant's companion case, our cause No. 07-02-0290-CR,
appellant's original Notice of Appeal did not contain one of the three allegations necessary
to invoke our appellate jurisdiction over an appeal from his plea-bargained convictions. 
See TRAP 25.2(b)(3); White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). 
Accordingly, our jurisdiction was not invoked by the original Notice. The out-of-time
amended Notices are ineffective to invoke our jurisdiction. See State v. Riewe, 13 S.W.3d
408, 413-14 (Tex.Crim.App. 2000). 

 We dismiss the appeals for want of jurisdiction. 


 Phil Johnson

 Justice


Do not publish.
1. A rule of appellate procedure will be referred to as "TRAP __" hereafter.



egree
. . . ." Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). In assessing whether
"any harm" had been suffered, the reviewing court may consider 1) the charge, 2) the state
of the evidence, including contested issues, 3) the argument of counsel, and 4) any other
relevant information revealed by the record. Id. Here, appellant did object to the charge. 
So, if appellant suffered any injury due to the purported mistake, then reversal would be
warranted. However, the trial court did not simply inform the jurors that they had to find
that Riojas feared or received a threat of death. It also told them that they could convict
upon finding that she was threatened with or feared imminent bodily injury. Moreover,
ample evidence appears of record upon which a rational jury could find, beyond reasonable
doubt, that Riojas feared, at the very least, bodily injury. That evidence consists of the time
of the robbery (approximately 4:30 a.m.), the absence in the store of anyone other than
appellant and Riojas, appellant's intrusion into an area in which only store employees were
authorized to enter, appellant's close physical proximity to Riojas when he placed
something against her back, Riojas' belief that she was being robbed, Riojas' statement
that she complied with appellant's directives because she "felt threatened that he'd hurt
[her] if [she] didn't," and the investigating officer's testimony that appellant's victim was
"very shaken, very scared . . . close to the point of tears . . . afraid" and "very shook up; still
very afraid." 

 Next, perusal of the closing arguments revealed the absence of argument by the
State urging the jury to convict on the basis that Riojas feared death or felt threatened with
imminent death. The prosecutor did read that portion of the charge to the jury wherein the
court informed it that Riojas had to be threatened with or feared imminent bodily injury or
death. But, the latter element was not highlighted or otherwise focused upon in his
argument. Rather, the prosecutor urged the jury to conclude that the victim was "scared"
and "shaken" due to the conduct of appellant. (1)

 Moreover, it is reasonably clear that a threat to kill encompasses a threat of serious
bodily injury. Selvog v. State, 895 S.W.2d 879, 882 (Tex. App.--Texarkana 1995, pet.
ref'd). And, to the extent that a threat of death encompasses a threat of serious bodily
injury, it similarly follows that a fear of death caused by the action of a potential assailant
includes a fear of bodily injury as well. So, even if the jury somehow concluded that
appellant committed robbery by instilling in his victim the fear of or by threatening her with
death, implicit therein would be the finding that he also caused her to fear or be threatened
with bodily injury. And, that would support the conviction. 

 Simply put, we cannot say that the purported error complained of by appellant
caused him to suffer any harm. Thus, issue two provides no basis upon which to reverse
the judgment. 

Issue Three - Jury Argument


 Appellant next complains about that portion of the State's closing argument during
the punishment phase wherein the prosecutor twice referred to appellant previously having
taken a life. The utterance was made when alluding to one of appellant's three prior felony
convictions, i.e. the one involving attempted voluntary manslaughter. We overrule the
issue.

 Though objections to the comment were made and ultimately sustained, appellant
never requested an instruction from the trial court to disregard the utterance. That was
necessary to preserve the complaint for review. Cooks v. State, 844 S.W.2d 697, 727-28
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732
(1993). And, to the extent appellant argues that a request for an instruction was
unnecessary since it would not have cured the error, he provides us with no authority
addressing argument identical or analogous to that uttered at bar. Nor does he afford us
any explanation or analysis to support his conclusion. Thus, the contention was
inadequately briefed, and therefore waived. Cardenas v. State, 30 S.W.3d 384, 393 (Tex.
Crim. App. 2000). 

 

Issue Four - Ineffective Assistance


 In his fourth and last issue, appellant argues that his trial counsel provided him with
ineffective assistance due to his failure to preserve the error broached in issue three. And,
the issue was not preserved because counsel requested neither an instruction to disregard
or a mistrial. We overrule the contention.

 The standard of review requires appellant to prove, by a preponderance of the
evidence, not only that counsel's representation fell below the objective standard of
professional norms but also that it prejudiced his defense. Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002); see Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999) (holding that this same standard applies to error arising in the punishment phase of
the trial). Furthermore, to satisfy the latter prong, it must be shown that there exists a
reasonable probability that but for the misconduct the result would have differed. Id. This
is satisfied if the circumstances undermine our confidence in the outcome. Id.

 For purposes of this issue we assume arguendo that the failure to request an
instruction amounted to deficient performance. Nonetheless, and as described under issue
two, there exists ample evidence supporting appellant's conviction. Furthermore, the
evidence illustrated that prior to his felony conviction for robbery, appellant had been thrice
convicted of other felonies. The most recent involved attempted voluntary manslaughter
through the use of a deadly weapon; he received a sentence of 20 years imprisonment. 
Another involved his unauthorized use of a motor vehicle for which he was sentenced to
ten years imprisonment and fined $500. The third conviction entailed the offense of
burglarizing a habitation which resulted in a sentence of ten years imprisonment and a fine
of $1,000. So too did a witness testify, without objection, that appellant's reputation in the
community for being a peaceful, law abiding person was bad. Given these prior felonies,
some of which implicated violent behavior with a deadly weapon, we cannot say that
levying upon him the maximum sentence of 20 years imprisonment and a fine of $10,000
smacks of the unordinary or excessive. 

 Finally, appellant refers us to testimony provided by a juror regarding the effect, if
any, the prosecutor's comment had upon her mental processes. (2) Though she indicated
that the utterance helped complete the "puzzle," she did not believe that appellant should
have been assessed the maximum sentence. Yet, she changed her mind; why she did so
went unexplained. That the juror originally opted not to assess the maximum sentence
despite being aware of the prosecutor's comments hardly suggests that those comments
impermissibly swayed her, or anyone else, to assess the maximum sentence.

 Simply put, we have reviewed the purportedly deficient conduct in the context of the
record before us and hold that it does not undermine our confidence in the verdict
rendered. Accordingly, appellant failed to establish, by a preponderance of the evidence,
that he was prejudiced by his attorney's performance. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Justice


Do not publish. 
1. The prosecutor did at one point say Riojas was "scared to death." Yet, given its context, we read
the statement not as suggesting that she feared for her life but that appellant's actions in general caused her
fright. And, the fright was that mentioned by Riojas herself, i.e. that she would be "hurt." 
2. No one argued that we could not consider it. See Tex. R. Evid. 606(b) (prohibiting a juror from
testifying as to any matter occurring during deliberations or the effect of anything on any juror's mind,
emotions, or mental processes).